UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW IRVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 1:22-cv-00385 (UNA) |
| | ) |
| FACEBOOK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Federal Rule 8, in addition to other Federal and Local Rules of Civil Procedure.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Preliminarily, neither the complaint nor the IFP application are captioned for this court. The complaint is captioned for the "Circuit Courts of the District of Columbia," and the "Circuit Civil Courts of the Nineteenth Judicial Circuit." The IFP application lacks a caption entirely. Therefore, both submissions fail to comply with Federal Rule 10(a). Additionally, plaintiff provides piecemeal information regarding the intended defendants, in further contravention of Federal Rule 10(a) and D.C. Local Civil Rule 5.1(c)(1).

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted

so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

The prolix complaint totals 128 pages. It is disorganized and incomprehensible. Neither the court nor the defendants can be expected to decipher what claims plaintiff attempts to bring, or to discern any basis for jurisdiction or to plaintiff's entitlement to relief, if any. Consequently, it fails to meet the minimal pleading standard set forth in Federal Rule 8(a), as well as the strictures of Federal Rule 10(b) and D.C. Local Civil Rule 5.1(d)–(e).

For all of these reasons, the complaint, ECF No. 1, is dismissed. An order consistent with this memorandum opinion is issued separately.

Dated: May 10, 2022

TREVOR N. McFADDEN
United States District Judge